# IN THE COURT OF APPEALS OF IOWA

No. 23-0433
Filed May 10, 2023

**IN THE INTEREST OF J.F.,**
**Minor Child,**

**V.F., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Jesse Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Jeremy Evans of Carr Law Firm PLC, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

The child was born prematurely in April 2022, at which time both mother and child tested positive for methamphetamine—the mother did not know she was pregnant. The child spent several days in the neonatal intensive care unit and then about one month in the hospital. The mother has a significant history of substance abuse, testifying the last time she was "sober and living in the community" was in 2017.

The child was removed from the mother's custody on May 16 and placed in foster care upon his release from the hospital, was adjudicated a child in need of assistance on June 15, and had been out of the mother's custody for more than six consecutive months prior to the termination-of-parental-rights trial, which was held February 17, 2023. The mother was then serving a prison term for her conviction of second-degree arson, with a release date in 2025; the child could not be returned to the mother at that time. The juvenile court found termination of the mother's rights was proper under Iowa Code section 232.116(1)(h) (2022).

At trial, the mother requested an extension of time to seek reunification. The court found:

> The court can order a six-month extension if the court finds that the child could likely be returned within six months. Again, the mother is currently incarcerated with a tentative discharge date in August 2025. Her recall date is in May 2023. There is no guarantee that she will be released at the time of her recall date. [The mother] states her plan, if released, is to enter treatment at House of Mercy. [She] was previously ordered to participate in treatment while at the Fresh Start Women's Facility and the Bridges program. She absconded from treatment three times. Her past history is the best predictor of the future. Given her poor history of follow through, the court would need to see significant engagement and commitment to her treatment before considering reunification. For all those reasons, the court finds that reunification is not likely to occur within the next six

months. None of the other permanency options are appropriate either. There is no other parent available to transfer custody of the child to. Guardianship is not appropriate given the age of the child, his placement in this current home since birth, and foster home's desire to adopt.

The court noted,

The child is currently placed with a family that meets the criteria of a long-term, nurturing home, and should not have to wait any longer for a permanent home. Since termination and adoption are the preferred methods of obtaining permanency for children who cannot be returned to a parental home, the court finds termination is in the child's best interest.

The mother appeals, challenging the court's finding that termination is in the child's best interests.[1] She argues she should be granted additional time to be released from prison and enter treatment in a program where the child can join her. But we agree with the trial court. Giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child," we conclude termination and adoption is in the child's best interests. *See* Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 41 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under

---

[1] In our de novo review, we use a three-step analysis to review the termination of parental rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Those steps are whether: (1) statutory grounds for termination have been established, (2) termination is in the child's best interests, and (3) we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. Because the mother does not dispute the existence of the grounds under section 232.116(1)(h), we do not have to discuss the first step. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Her passing reference to a "bond" with the child is not sufficient to show she carried her burden to prove a permissive exception exists. *See* Iowa Code § 232.116(3)(c); *A.S.*, 906 N.W.2d at 476 (noting "the parent resisting termination bears the burden to establish an exception to termination").
   The father does not appeal.

section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."). We affirm.

**AFFIRMED.**